Courtney Lowery
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Ariz. Bar No. 036888
(501) 221-0088
courtney@sanfordlawfirm.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Joshua Eifort, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>Amazon.com Services, LLC,<br><br>    Defendant. | NO. 2:22-cv-<br><br>**ORIGINAL COMPLAINT—COLLECTIVE ACTION** |

Plaintiff Joshua Eifort ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Courtney Lowery of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action ("Complaint") against Defendant Amazon.com Services, LLC ("Defendant"), states and alleges as follows:

## I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policies and practice of failing to pay proper overtime compensation under the FLSA.

3. This is an "off-the-clock" case; Plaintiff intends that the scope of his claims for off the clock work and those of the potential collective be limited to those that are supported by Defendant's time stamped records of work performed in the "Kustomer" system, provided that these records exist and that Defendant does not destroy, delete or alter the these records.

## II. JURISDICTION AND VENUE

4. The United States District Court for the District of Arizona has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. The acts complained of herein were committed and had their principal effect within the Phoenix Division of the District of Arizona; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6. Plaintiff is an individual and resident of Maricopa County.

7. Defendant is a foreign limited liability company.

8. Defendant's registered agent for service of process in Arizona is Corporation Service Company, at 8825 North 23rd Avenue, Suite 100, Phoenix, Arizona 85021.

## IV.   FACTUAL ALLEGATIONS

9. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

11. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

12. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

13. Defendant employed Plaintiff as an hourly-paid Access Team Member ("ATM") from April of 2021 until December of 2021.

14. Plaintiff's primary duties were to assist customers with Defendant's Ring products, such as security doorbells, cameras and alarm systems.

15. Plaintiff worked remotely and chatted with Defendant's customers on Kustomer, Defendant's system for customer assistance.

16. Defendant also employed other hourly-paid ATMs within the three years preceding the filing of this lawsuit.

17. Other ATMs had the same or similar job duties as Plaintiff.

18. At all relevant times herein, Defendant directly hired ATMs to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

19. Plaintiffs and other hourly employees recorded their hours worked via Defendant's electronic time keeping system.

20. Plaintiff regularly worked hours over 40 per week.

21. Upon information and belief, other ATMs also regularly or occasionally worked hours over 40 in a week.

22. Plaintiff regularly worked hours which went unrecorded and uncompensated.

23. While Plaintiff was clocked in, he continually received chat requests (called "tickets") from customers. Plaintiff was required to clear his tickets by the end of each shift. Therefore, Plaintiff had to clock out in order to stop receiving new tickets

but had to complete the tickets already assigned to him. The time Plaintiff spent clearing his final tickets (i.e., chatting with customers via Kustomer) after clocking out when uncompensated.

24. Upon information and belief, other ATMs also worked hours which went unrecorded and uncompensated due to Defendant's system of continually assigning tickets to ATMs while clocked in but requiring them to clear their tickets by the end of each shift.

25. Upon information and belief, the customer chats and tickets completed by Plaintiff and other ATMs are timestamped within Defendant's system and will show the amount of time Plaintiff and other ATMs spent working after clocking out.

26. Defendant knew or should have known that Plaintiff and other ATMs were working hours which went unrecorded and uncompensated.

27. At all relevant times herein, Defendant has deprived Plaintiff and other ATMs of sufficient overtime compensation for all of the hours worked over forty per week.

28. Upon information and belief, the pay practices that violate the FLSA alleged herein was based on a centralized human resources policy implemented uniformly from the corporate headquarters

29. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

30. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

31. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated, who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Regular wages and overtime premiums for all hours worked over forty hours in any week;

B. Liquidated damages; and

C. Attorney's fees and costs.

32. Plaintiff proposes the following collective under the FLSA:

> **All hourly-paid ATMs who recorded at least 40 hours of work in at least one week within the past three years.**

33. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

34. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

35. The members of the proposed collective are similarly situated in that they share these traits:

    A. They were paid hourly;

    B. They recorded their time in the same manner;

    C. They had the same or similar job duties and responsibilities;

    D. They were subject to Defendant's policies regarding clearing tickets before the end of their shift and continually receiving new tickets while clocked in; and

    E. They regularly worked hours for which they were not compensated.

36. Plaintiffs are unable to state the exact number of the collective but believe that it exceeds 15 persons.

37. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

38. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

39. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

### VI. FIRST CLAIM FOR RELIEF
**(Individual Claim for Violation of the FLSA)**

40. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

41. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

42. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

43. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

44. Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

45. Defendant failed to pay Plaintiff for all hours worked, including 1.5x his regular rate for all hours worked over forty hours per week.

46. Defendant failed to pay Plaintiff a proper overtime rate for all hours worked over 40 each week.

47. Defendant knew or should have known that its actions violated the FLSA.

48. Defendant's conduct and practices, as described above, were willful.

49. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

50. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result

thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

51. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
#### (Collective Action Claim for Violation of the FLSA)

52. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

53. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

54. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

55. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

56. Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

57. Defendant failed to pay Plaintiff and similarly situated employees for all hours worked, including 1.5x their regular rate for all hours worked in excess of 40 per week.

58. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over 40 per week, in violation of the FLSA.

59. Defendant knew or should have known that its actions violated the FLSA.

60. Defendant's conduct and practices, as described above, were willful.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

62. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

63. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Joshua Eifort, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid wages under the FLSA and its related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

DATED this 9th day of March, 2022.

Courtney Lowery
Ariz. Bar No. 036888
courtney@sanfordlawfirm.com